IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RENEE GUIBAO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| vs. | ) |
| | ) FILE No. 2:17-cv-02501 |
| FARMEX RAIL LLC | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW, RENEE GUIBAO, by and through the undersigned counsel, and files this, her Complaint against Defendant, FARMEX RAIL LLC, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").  In support thereof, Plaintiff respectfully shows this Court as follows:

### JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181, *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

### PARTIES

2. Plaintiff RENEE GUIBAO (hereinafter "Plaintiff") is, and has been at all

times relevant to the instant matter, a natural person residing in Memphis, Tennessee (Shelby County).

3. Plaintiff is disabled as defined by the ADA, and is required to traverse in a wheelchair, is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

4. Plaintiff uses a wheelchair for mobility purposes.

5. Defendant FARMEX RAIL LLC (hereinafter "Defendant") is a Delaware corporation, and transacts business in the state of Tennessee and within this judicial district.

6. Defendant may be properly served with process via its registered agent for service, to wit: Incorporating Services, Ltd., Inc., 992 Davidson Drive, Suite B, Nashville, Tennessee 37205-1051.

## FACTUAL ALLEGATIONS

1. On or about February 20, 2017, Plaintiff was a customer at "El Chapultepec Mex" and also attempted to utilize the restroom at the Facility.

2. Defendant is the owner of the real property and improvements that the Facility is situated upon and is the subject of this action, referenced herein as the "Property."

3. Plaintiff lives in the near vicinity of the Facility and Property.

4. Plaintiff's access to the businesses located at 2037 Exeter Road, Suite 3, Germantown, Tennessee 38138, Shelby County Property Appraiser's parcel number G0220 00155 ("the Property"), and/or full and equal enjoyment of the goods, services,

2

foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations which exist at the Property and Facility, including those set forth in this Complaint.

5. Plaintiff intends to visit the Facility and Property within six (6) months, or sooner, to purchase goods.

6. Plaintiff has visited the Facility and Property at least once before and intends on visiting the Facility and Property within the next six (6) months, or sooner, once the Facility and Property are accessible again.

7. In this instance, Plaintiff travelled to the Facility and Property as a customer, encountered the barriers to access at the Facility and Property detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

8. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101, *et seq*.

9. Congress found, among other things, that:

(i)   some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)  historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of

3

        discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)    discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

    10.    Congress explicitly stated that the purpose of the ADA was to:

(i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

    \* \* \* \* \*

(iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

11. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA.

12. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 C.F.R. §36.508(a)

13. The Facility is a public accommodation and service establishment.

14. The Property is a public accommodation and service establishment.

15. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 29 C.F.R. Part 36.

16. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181, *et seq.*, and 28 C.F.R. §36.508(a).

17. The Facility must be, but is not, in compliance with the ADA and ADAAG.

18. The Property must be, but is not, in compliance with the ADA and ADAAG.

19. Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in her capacity as a customer of the Facility and Property, but could not fully do so because of her disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that

preclude and/or limit her access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

20. Plaintiff intends to visit the Facility and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit her access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

21. Defendant has discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by persons with disabilities, including Plaintiff.

22. Defendant has discriminated against Plaintiff by failing to comply with the above requirements.

23. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed and preclude and/or limit Plaintiff's ability (because of her disability) to access the Facility and Property and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, include, but are not limited to:

**(a)   ACCESSIBLE ELEMENTS:**

(i)   One or more accessible parking space(s) on the Property do not have properly marked access aisles adjacent to them, in violation of section 502.3.3 of the 2010 ADAAG standards. Specifically the accessible parking space most proximate to "Tuesday Morning" and "DeAngelis Jewelers" has no adjacent access aisle.

(ii)   The accessible parking space on the Property most proximate to "Tuesday Morning" and "DeAngelis Jewelers" is missing a proper identification sign, in violation of section 502.6 of the 2010 ADAAG standards.

(iii)   The accessible parking space on the Property most proximate to "Tuesday Morning" and "DeAngelis Jewelers" is not located on the shortest accessible route from said accessible parking space to the accessible entrance(s) of the Facility, in violation of section 208.3.1 of the 2010 ADAAG standards.

(iv)   The accessible parking space on the Property most proximate to "The Cleaners" has a cross-slope in excess of 1:48 (one to forty-eight), in violation of section 502.4 of the 2010 ADAAG standards and is not level.

(v)    The Property lacks an accessible route connecting the accessible Facilities, accessible elements and/or accessible spaces of the Property, in violation of section 206.2.2 of the 2010 ADAAG standards.

(vi)   Due to stairs between "Grand Buffet" and "Tuesday Morning," the Property lacks an accessible route connecting all parts of the Facility, in violation of section 206.2.2 of the 2010 ADAAG standards.

(vii)  Unit 2011 on the Property has an apparent policy of keeping items and inventory on the sidewalk and keeping its door open, resulting in an accessible route with clear widths below the minimum 36 (thirty-six) inch requirement, in violation of section 403.5.1 of the 2010 ADAAG standards.

(viii) There is at least one accessible parking space on the Property most proximate to "Bed Bath & Beyond" that does not have a properly marked access aisle adjacent to it, in violation of section 502.3.3 of the 2010 ADAAG standards.

(ix) There is an excessive vertical rise along the accessible ramp on the Property most proximate to "Grand Buffet" and Unit 2011, in violation of section 303.2 of the 2010 ADAAG standards.

(x) The Facility lacks at least 5% (five percent) of the exterior dining surfaces provided for consumption of food or drink that comply with section 902.2 of the 2010 ADAAG standards, requiring appropriate knee and toe clearance complying with section 306 of the 2010 ADAAG standards, positioned for a forward approach, in violation of section 226.1 of the 2010 ADAAG standards.

**(b) RESTROOMS:**

(i) The restrooms in the Facility lack proper door hardware, in violation of section 404.2.7 of the 2010 ADAAG standards.

(ii) The door of the women's restroom entrance of the Facility lacks a proper minimum maneuvering clearance, in violation of section 404.2.4 of the 2010 ADAAG standards.

(iii) The restrooms in the Facility have grab bars adjacent to the commodes in the accessible toilet stalls that are not in compliance with section 604.5 of the 2010 ADAAG standards, as the rear grab bar is too short and the side grab bar is positioned too low.

(iv) The lavatories and/or sinks in the restrooms of the Facility have exposed pipes and surfaces and are not insulated or configured to

protect against skin contact, in violation of section 606.5 of the 2010 ADAAG standards.

(v) The controls on the faucets in the restrooms of the facility require pinching and turning of the wrists, in violation of section 309.4 of the 2010 ADAAG standards.

(vi) The paper towel dispensers in the restrooms of the Facility are located outside the prescribed vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards.

(i) The mirror in the restrooms of the Facility exceeds the maximum height permitted by section 603.3 of the 2010 ADAAG standards.

24. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

25. Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory acts violating the ADA.

26. All of the above violations are readily achievable to modify in order to bring the Facility and Property into compliance with the ADA.

27. The removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low and the Defendant has the financial resources to make the necessary modifications.

28. Upon information and good-faith belief, the Facility and Property has been

altered since 2010.

29. In instances where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed herein can be applied to the 1991 ADAAG standards.

30. Plaintiff has attempted to gain access to the Facility and Property in her capacity as a customer, but because of her disability has been denied access to, and has been denied the benefits of services, programs and activities of the Facility and Property, and has otherwise been discriminated against and damaged by Defendant, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expect to be discriminated against in the near future by Defendant because of Plaintiff's disabilities, unless and until Defendant is compelled to remove the unlawful barriers and conditions and comply with the ADA.

31. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense.  42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. §36.304.

32. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those set forth herein. The relief requested serves the public interest, and the benefit to Plaintiff and the public far outweighs any detriment to Defendant.

33. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay the undersigned counsel reasonable attorney's fees, costs, and expenses from Defendant pursuant to 42 U.S.C. §§ 12205 and 12117, and Plaintiff is entitled to attorney's fees, costs, and expenses from Defendant.

34. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility and Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant in violation of the ADA and ADAAG;

(b) That the Court issue a permanent injunction enjoining Defendant from continuing their discriminatory practices;

(c) That the Court issue an Order requiring Defendant to (i) remove the physical barriers to access and (ii) alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d) That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses and costs; and

(e) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: July 18, 2017.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Ehrlich & Schapiro, LLC
1123 Zonolite Road, N.E. Suite 8-B
Atlanta, Georgia 30306
Tel: (404) 365-4460
Fax: (855) 415-2480
craig@ehrlichlawoffice.com